# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

*DAU D D ... MES PROCESS SERVER AND DISINTERESTED PERSON TRUE COPY ATTEST*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Cynosure LLC, a Delaware limited liability
company, and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Teng Medical Foundation PC, a California
professional corporation

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Placer
**04/01/2021 at 11:09:31 AM**
/: Marina C Olivarez Fuentes, Deputy Cle

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* | S-CV-0046465 |

Superior Court of California
10820 Justice Center Drive
Roseville, CA 95661

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Terry L. Gilbeau 275965 Law Offices of Terry L. Gilbeau
5701 Lonetree Boulevard #304 (916) 626-5539
Rocklin, CA 95765

| DATE: *(Fecha)* 04/01/2021 | Clerk, by *(Secretario)* Marina C Olivarez Fuentes | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CEB Essential Forms   ceb.com

TengMedicalFoundationPC

ELECTRONICALLY FILED
Superior Court of California,
County of Placer
**04/01/2021 at 11:09:31 AM**
/: Marina C Olivarez Fuentes, Deputy Cle

1  TERRY L. GILBEAU, Esq. (SBN 275965)
2  LAW OFFICES OF TERRY L. GILBEAU
   5701 Lonetree Boulevard, Suite 304
3  Rocklin, CA 95765
   Telephone 916/626-5539
4  Fax 916/626-5550
5  tgilbeau@gilbeaulaw.com

6  Attorney for the Plaintiff

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF PLACER

10

11

12  TENG MEDICAL FOUNDATION, P.C.,        CASE # S-CV-0046465
    a California professional
13  corporation,                          VERIFIED COMPLAINT FOR:

14             Plaintiff                   1) BREACH OF CONTRACT
                                          2) BREACH OF IMPLIED
15                                            COVENANT OF GOOD
                                              FAITH AND FAIR DEALING
16                                        3) NEGLIGENT
17  v.                                        MISREPRESENTATION
                                          4) UNFAIR COMPETITION
18  CYNOSURE LLC, a Delaware limited          UNDER B&P CODE §17200
    liability company, and                    (UNFAIR BUSINESS ACT
19  DOES 1 through 25, inclusive,            OR PRACTICE)

20             Defendants                  UNLIMITED JURISDICTION

21

22

23

24       **COMES NOW**, the Plaintiff, TENG MEDICAL FOUNDATION P.C.,

25  (hereinafter referred to as "TENG"), who alleges again CYNOSURE

26  LLC (hereinafter referred to as "CYNOSURE") and DOES 1 through

27  25, inclusive, as follows:

28

                              Complaint - 1

**INTRODUCTION**

1. The purpose of this action is to rectify the financial harm caused to TENG by CYNOSURE and DOES 1 through 25, inclusive, as a result of the sale of a piece of medical equipment which fell well short of its represented function, and the marketing services and other related support of said equipment which was never provided.

**PARTIES**

2. The Plaintiff, TENG MEDICAL FOUNDATION P.C., is a California professional corporation which operates a medical practice in the City of Lincoln, County of Placer, California.

3. Upon information and belief, CYNOSURE LLC, is a Delaware limited liability company, with its principal place of business located in the Town of Westford, Massachusetts. Further, the above entity previously conducted business under the name of Cynosure Inc., however, on or about March 4, 2019, the entity converted from Cynosure Inc. into its present structure, namely CYNOSURE LLC.

4. Plaintiff is ignorant of the true names and the capacities of defendants sued in this complaint as DOES 1 through 25, inclusive, and therefore Plaintiff sues these defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the

occurrences herein alleged, and that Plaintiff's damages as
herein alleged were proximately caused by such defendants.

5. Plaintiff is informed and believes, and thereon alleges,
   that at all times material to this Complaint, each of the
   Defendants in addition to acting for himself, herself, or
   itself and on his, her, or its own behalf individually, is
   and was acting as the agent, servant, employee and
   representative of, and with the knowledge, consent and
   permission of, and in conspiracy with, each and all of the
   Defendants and within the course, scope and authority of
   that agency, service, employment, representation, and
   conspiracy. Plaintiff further alleges that the acts of each
   of the Defendants were fully ratified by each and all of
   the Defendants. Specifically, and without limitation,
   Plaintiff alleges that the actions, failures to act,
   breaches, and misrepresentations alleged herein and
   attributed to one or more of the specific Defendants were
   approved, ratified, and done with the cooperation and
   knowledge of each and all of the Defendants.


**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction because the
   amount in controversy exceeds the jurisdictional minimum of
   this Court.

7. Plaintiff alleges that CYNOSURE maintains one or more sales
   representatives whose function is to visit the offices of
   physicians and other medical practitioners in the County of

Complaint - 3

Placer, and elsewhere in the State of California, for the
purpose of promoting the medical equipment and products
sold by CYNOSURE. Accordingly, the Court has personal
jurisdiction over the parties because each has consented to
the jurisdiction and does, or is qualified to, do business
in the State of California. (See **Exhibit "A"**, which
includes a print-out of the Linked-In webpage of Tyler
Johnson ("Johnson"), which states that he is the District
Manager of CYNOSURE, that he operates in the "Greater
Sacramento" area, and that his sales territory is
California and Nevada. Also, see email from Johnson to
Chunwen Teng, the president of the Plaintiff firm,
indicating that he would be in her area on certain specific
days, and that he would like to meet with her.)

8. Plaintiff alleges that the written agreement to purchase
the medical equipment in question was executed at the
offices of TENG in the City of Lincoln, County of Placer,
California, in the presence of the CYNOSURE sales
representative, Johnson, named above. Further, the support
and related services for said equipment were to be provided
to TENG at its location in the City of Lincoln, County of
Placer. Accordingly, pursuant to California Code of Civil
Procedure ("CCP") §395(b), given that CYNOSURE contracted
with TENG in the County of Placer, and CYNOSURE was to
deliver the equipment and perform its obligations to TENG
in the County of Placer, venue is correct and proper in the
County of Placer, State of California.

9. Yet further, venue for this action is correct and proper in

the County of Placer, State of California, pursuant to CCP §395(b), which states as follows, "*If none of the defendants reside in the state or if they reside in the state and the county where they reside is unknown to the Plaintiff, the action may be tried in the superior court in any county that the Plaintiff may designate in his or her complaint*". As earlier stated, the defendant, CYNOSURE is a Delaware limited liability company, with its principal business office in the Commonwealth of Massachusetts, and therefore, venue is correct and proper in the County of Placer, California.

## GENERAL ALLEGATIONS

10.   CYNOSURE holds itself out as a leader, innovator, developer, and best-in-class creators of aesthetic and medical treatment systems. CYNOSURE further holds itself out as developing and manufacturing a diverse range of leading treatment applications for hair removal, skin revitalization, scar reduction, gynecological health, body contouring, and more. CYNOSURE also states that its innovative products are used worldwide by practitioners, physicians, and aesthetic business owners to help enhance their offerings of services to patients and clients, and to assist these professionals in offering the latest treatments to these patients and clients.

11.   In or about December 2019, TENG became interested in purchasing a "Sculpsure Non-Invasive Body Contouring

Complaint - 5

Platform" (hereinafter referred to as "SCULP-SURE") from CYNOSURE, including ancillary related products and accessories.

12.   TENG was contacted at its offices in the City of Lincoln, County of Placer, California, by Tyler Johnson (hereinafter referred to as "JOHNSON"), who at all relevant times was an agent and employee for CYNOSURE with the title of "Area Sales Manager". JOHNSON was acting on behalf of CYNOSURE through all interactions and communications with the Plaintiff, TENG.

13.   As part of his "sales pitch", JOHNSON represented to TENG that CYNOSURE was a leader in the field and well-respected in the medical community, that CYNOSURE provided leading laser and aesthetic treatments, the SCULP-SURE was state-of-the-art medical equipment, and that the SCULP-SURE was a highly marketable product, which would provide pain-free procedures and significant results for the patients. Further, JOHNSON represented to TENG that SCULP-SURE would be a huge revenue generator for TENG, and that many practitioners were able to pay off loans for SCULP-SURE well in advance of the loan repayment period due to the huge market demand for the product.

14.   In an effort to induce TENG to purchase SCULP-SURE, JOHNSON further represented to TENG that CYNOSURE would provide extensive marketing support and training to TENG to help ensure that investment in SCULP-SURE by TENG would be financially rewarding.

15.   Relying on the representations made by JOHNSON that
      SCULP-SURE was a state-of-the-art device, that SCULP-SURE
      would provide highly desirable procedures and results for
      its patients, that the purchase of SCULP-SURE would be
      well-supported by CYNOSURE in the form of in-depth training
      and extensive marketing support, and that other medical
      practitioners using SCULP-SURE had enjoyed significant
      financial success with the device, TENG agreed to purchase
      a SCULP-SURE device at a cost of approximately One Hundred
      and Fifty-Six Thousand Dollars ($156,000). With the
      addition of shipping charges and sales tax, the cost of the
      SCULP-SURE device purchased by TENG from CYNOSURE was
      approximately One Hundred and Sixty-Seven Thousand Dollars
      ($167,000). The contract to purchase the SCULP-SURE device
      was executed by TENG at its medical offices in Lincoln,
      County of Placer, California, in the presence of JOHNSON. A
      true and correct copy of the purchase agreement is attached
      as **Exhibit "B"**.

16.   Prior to entering into the above purchase agreement, TENG
      viewed the CYNOSURE website and relied upon its
      representations with regard to it being a market leader and
      being "best-in-class" for medical treatment systems. This
      later turned out to be false when TENG discovered that a
      significant number of lawsuits have been filed against
      CYNOSURE for the failings of its medical equipment. As a
      result, prospective patients tend to opt away from
      CYNOSURE's treatments in favor of products offered by other

competitors.

17.  After purchasing the SCULP-SURE device, TENG requested
the in-depth training and marketing support that had been
promised as part of the purchase of the device.
Unfortunately, despite repeated requests by TENG, CYNOSURE
failed to provide the comprehensive training and marketing
support that should have accompanied the purchase of the
device.

18.  As a result of the lack of training, the lack of
marketing support, and the negative reputation of CYNOSURE,
the SCULP-SURE device has never been used in the treatment
of a TENG patient, and as a result, the SCULP-SURE device
was never able to generate a profitable level of revenue
and nowhere closer to the level of revenue promised by
CYNOSURE.

19.  As a result of the actions of the Defendants, the
Plaintiff has been damaged in an amount according to proof
at trial, which includes but is not limited to monetary
losses in the form of monthly payments for the SCULP-SURE
device.

20.  At all times relevant hereto, the Defendants acted with
malice, oppression, and fraud as to warrant the issuance of
punitive damages.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(Against all Defendants)**

21.     Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 20 of this Complaint, and by reference, incorporates the same herein and makes each a part hereof.

22.     Plaintiff, TENG, entered into a written agreement with CYNOSURE to purchase a "Sculpsure Non-Invasive Body Contouring Platform" ("SCULP-SURE"), in addition to ancillary related products and accessories, from Defendant, CYNOSURE.

23.     Plaintiff, TENG, did all, or substantially all, of the significant things the contract required, namely providing monetary funds to purchase the SCULP-SURE device through an equipment financing firm, MMP Capital.

24.     All conditions required by the contract for Plaintiff's performance have been met or have been excused.

25.     The Defendants have breached the contract by failing to provide the extensive training and marketing support with regard to SCULP-SURE which was promised by CYNOSURE to TENG.

26.     As a result, Plaintiff, TENG, has suffered damages in an amount to be proven at trial, and Defendants actions were a substantial factor in causing said damages.

27.     Therefore, Plaintiff, TENG, prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against all Defendants)

28.     Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 20 of this Complaint, and by reference, incorporates the same herein and makes each a part hereof.

29.     Plaintiff, TENG, entered into a written agreement with CYNOSURE to purchase a "Sculpsure Non-Invasive Body Contouring Platform" ("SCULP-SURE"), in addition to ancillary related products and accessories, from Defendant, CYNOSURE.

30.     Plaintiff, TENG, did all, or substantially all, of the significant things the contract required, namely providing monetary funds to purchase the SCULP-SURE device through an equipment financing firm, MMP Capital.

31.     All conditions required by the contract for Plaintiff's performance have been met or have been excused.

32.     The Defendants have unfairly interfered with Plaintiff's right to receive the benefits of the contract by failing to provide the extensive training and marketing support, with regard to SCULP-SURE, which was promised by CYNOSURE to TENG. The Defendants also unfairly interfered with Plaintiff's right to receive the benefits of the contract despite repeated requests by Plaintiff for the extensive training and marketing support as previously described in the above paragraphs. Defendants, to date, have provided zero post-purchase assistance to Plaintiff, thus ensuring that, because of the unfair interference by

Defendants, Plaintiff would not receive the benefits of the contract.

33.     As a result, Plaintiff, TENG, has suffered damages in an amount to be proven at trial, and Defendants actions were a substantial factor in causing said damages.

34.     Therefore, Plaintiff, TENG, prays for relief as set forth below.

**THIRD CAUSE OF ACTION**
**NEGLIGENT MISREPRESENTATION**
**(Against Defendant, CYNOSURE)**

35.     Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 20 of this Complaint, and by reference, incorporates the same herein and makes each a part hereof.

36.     Defendant, CYNOSURE, represented to Plaintiff that it was a leader, innovator, developer, and best-in-class creators of aesthetic and medical treatment systems. CYNOSURE further held itself out as developing and manufacturing a diverse range of leading treatment applications for hair removal, skin revitalization, scar reduction, gynecological health, body contouring, and more. CYNOSURE also represented that its innovative products are used worldwide by practitioners, physicians, and aesthetic business owners to help enhance their offerings of services to patients and clients, and that there was a robust market demand for the products.

37.   Although CYNOSURE may have honestly believed that the representations were true, CYNOSURE had no reasonable grounds for such belief when they were made as CYNOSURE's products failed to deliver the highly desirable procedures and results, and did not generate the level of promised revenue.

38.   CYNOSURE intended that Plaintiff rely on the representations as they were provided as an inducement to purchase the SCULP-SURE device.

39.   Plaintiff did in fact reasonably rely on CYNOSURE's representations as Plaintiff did, in fact, enter into a written purchase agreement with CYNOSURE to purchase the SCULP-SURE device. Plaintiff would not have entered into the purchase agreement had it known about CYNOSURE's misrepresentations.

40.   As a result, Plaintiff has suffered damages in an amount to be proven at trial, and CYNOSURE's actions are a substantial factor in causing such damages.

41.   Therefore, Plaintiff, TENG, prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION – B&P CODE §17200
### (Against Defendant, CYNOSURE)

42.   Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 20 of this Complaint, and by reference, incorporates the same herein and makes each a part hereof.

43.     CYNOSURE, by engaging in the conduct described above, engaged in "unfair, unlawful, and fraudulent business act or practice, and unfair, deceptive, untrue, or misleading advertising" in violation of Section 17200 of the California Business and Professions Code.

44.     Therefore, Plaintiff, TENG, prays for relief as set forth below.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff, TENG, prays for:

1. For general damages according to proof;
2. For consequential and special damages according to proof;
3. For punitive damages;
4. For disgorgement of profits and restitution;
5. Pre-judgment interest;
6. Attorney's fees to the extent permitted by contract and/or law;
7. Costs of suit incurred herein;
8. For such other relief as the court deems just and proper.

Dated: March 23, 2021          LAW OFFICES OF TERRY L. GILBEAU


_____
Terry L. Gilbeau
Attorney for the Plaintiff

Complaint - 13

VERIFICATION


**Verification of Pleading (Code Civ. Proc. §446)**
**Declaration under Penalty of Perjury Form**
**(Code of Civ. Proc. §446, 2015.5)**

By Party

CASE TITLE: TENG MEDICAL FOUNDATION P.C. v. CYNOSURE LLC *et al*


I, Chunwen Teng, declare that I am the president of Teng Medical Foundation P.C., and that I am the duly authorized officer of Teng Medical Foundation P.C. to act in this matter on behalf of the above corporation.


I have read the foregoing Verified Complaint and know the contents thereof.


The same is true of my own knowledge, except as to those matters which are herein stated on information and belief, and, as to those matters, I believe it to be true.


Executed on 26th March, 2021, at Lincoln, California.


I declare (or certify) under penalty of perjury that the foregoing is true and correct.

_____
Chunwen Teng

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

https://www.linkedin.com/in/tyler-johnson-7036a821/

rosoft Office Ho...



Q Search



Tyler Johnson · 3rd

District Sales Manager at Cynosure, Inc.

Greater Sacramento · 500+ connections · Contact info

Message · · ·

 Cynosure, Inc.

California Polytechnic State
University-San Luis Obispo

## About

Sales team management/development. Specializing in direct B2B Sales, outside sales cold calling, and local and
national marketing.

## Activity

113 followers

Posts Tyler created, shared, or commented on in the last 90 days are displayed here.

See all activity

## Experience

Cynosure, Inc.
6 yrs 8 mos

District Sales Manager
Oct 2017 – Present · 3 yrs 8 mos
Greater Sacramento Area

Area Sales Manager

## Contact

www.linkedin.com/in/tyler-
johnson-7036a821 (LinkedIn)

## Top Skills

Sales Management
Account Management
Customer Service

# Tyler Johnson

District Sales Manager at Cynosure, Inc.

## Summary

Sales team management/development.  Specializing in direct B2B
Sales, outside sales, cold calling, and local and national marketing.

## Experience

**Cynosure, Inc.**
6 years 9 months

District Sales Manager
October 2017 - Present (3 years 6 months)

Area Sales Manager
May 2017 - Present (3 years 11 months)

Territory Manager
July 2014 - May 2017 (2 years 11 months)

**Wells Fargo- Merchant Services**
Business Sales Consultant
December 2013 - June 2014 (7 months)

**Enterprise Fleet Management**
Account Manager
March 2010 - November 2013 (3 years 9 months)
Consulting, Forecasting, Sales, and Marketing

**Enterprise Rent-A-Car**
Branch Manager- Thousand Oaks, CA
2009 - 2010 (1 year)

## Education



California Polytechnic State University-San Luis Obispo

B.A., Political Science, Pre-Law · (2001 - 2003)

Monday, March 29, 2021 8:19:50 AM - Fwd: Lunch - Message (HTML)

Begin forwarded message:

**From:** Tyler Johnson <tyler.johnson@hologic.com>
**Date:** September 3, 2020 at 10:01:01 AM PDT
**To:** Chunwen Teng <janete@pcom.edu>
**Subject: Re: Lunch**
**Reply-To:** Tyler Johnson <tyler.johnson@hologic.com>

I'm going to be in town next week- do you have time for Lunch on Thursday or Friday?

We recently received 2 revolutionary FDA Clearances for **Potenza [laws.predictiveresponse.net]** the newest MicroNeedling w/RF Platform & **FlexSure [laws.predictiveresponse.net]** the world's 1st Wrappable Hands-Free RF system.

**Thanks,**
**Tyler Johnson | Cynosure**
TJohnson@cynosure.com **| 818-535-8338**

---

**FlexSure**™ hands-free RF just received FDA clearance, and has become *the new standard in hands-free temperature controlled radio frequency.*

If you're thinking of adding radio frequency or if you're interested in being one of the first practices in the country to offer **FlexSure**™, contact me at 818-535-8338 or TJohnson@Cynosure.com.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

*JANETE@PCOM.EDU*

*pilleyswash701@gmail.com*

**CYNOSURE**

Carlisle Rd, Westford, MA 01886
Telephone: 978-256-4200   Fax: 855-282-1051

Customer Purchase Agreement

Date:

## CUSTOMER INFORMATION

| | |
|---|---|
| Customer Name: | Ultimate Ship To: |
| Contact Person: | |
| Address: | |
| City/State/Zip: | |
| Telephone/Fax: | Telephone/Fax: |

| PRODUCT DESCRIPTION | QTY. | Unit Price (In USD) | Total Price (In USD) |
|---|---|---|---|
| **SCULPSURE® NON-INVASIVE BODY CONTOURING PLATFORM**<br>1060nm wavelength, 240W maximum power.  Complete with onsite installation & 2 day clinical in-service, and one (1) year equipment warranty. System includes:<br>• 4 ct Laser Diode Applicators<br>• 1 Body wearables kit with attachment frames & belts<br>• Photo Positioning Mat and Backdrop<br>• 2 Bottles Lux Lotion<br>• 1 Patented Applicator for Contouring (PAC) Key with 50 body PACs for clinical training<br>• Two Component Pager System (transmitter & pager) for non-emergency patient communication to the treatment staff<br>Freight<br><br>**Patented Applicator for Contouring (PAC) Treatments**<br>• 1 Body PAC Key with 100 PACs | 1 | $220,750 | $220,750 |
| **SCULPSURE® SUBMENTAL PACKAGE**<br>• Water modulator hardware and system software to expand heat threshold for submental indication<br>• 1 Submental wearables kit with headgear, attachment frames, and belts<br>• 1 PAC Key with 50 submental PACs for clinical training<br><br>**Patented Applicator for Contouring (PAC) Treatments**<br>• 1 Submental PAC Key with 50 PACs | 1 | | |
| **Marketing Package:** Printed and electronic marketing material support including: product brochures, print-ready files, web and media files, before and after photos. | | | |
| * Commencing 120 calendar days from the SculpSure clinical in-service date, a minimum purchase of 2 PAC Key per 90 days thereafter will need to be maintained along with compliance with Cynosure's Minimum Advertised Pricing (MAP) Policy, in order to qualify for the discounted pricing ($3500 for body PAC Keys & $3750 for submental PAC KEYs). | | | |
| Quoted Price Valid for 30 days from above date.  Prices do not include sales, duty or excise taxes, including medical device excise taxes which are the responsibility of the Customer to pay and will be billed separately. | | **$155,750** | $220,750.00 |

## ACCEPTANCE OF AGREEMENT

By signing below, the Customer (i) is representing to Cynosure, Inc. ("Cynosure") that it has the requisite corporate authority to execute and deliver this Customer Purchase Agreement ("Agreement") and has the required licensing from the applicable state medical review board to operate the Product purchased by this Agreement, and (ii) is entering into a binding agreement for the purchase of the Product and/or services described above and accepts all of the terms and conditions as stated in this document (including the following pages), and (iii) hereby acknowledges receipt and understands the content of the Cynosure Minimum Advertised Price Policy.  This Agreement is subject to Cynosure's terms and conditions of sale contained or referred to herein and the Customer expressly disclaims any additional and/or different terms and conditions set out in any pre-printed conditions on the Customer's purchase order.  Federal law restricts the sale of the products to a licensed practitioner.

| | | |
|---|---|---|
| Customer Signature (Authorized Representative) | 12/23/19 | Cynosure Area Sales Manager Signature |
| | Date | Date |

Delivery Date:

054-SM95-004, Rev. 1

Cynosure, Inc.
5 Carlisle Rd
Westford, MA 01886
T: 800-886-2966
F: 855-282-1051

**Terms**
Prices are FCA, Westford, MA Incoterms 2000 in U.S. dollars
Payment Terms:   15% non-refundable deposit required with purchase order.
     Balance due net 30 days with prior credit approval  (VISA/Mastercharge/American Express accepted.)
     Payment is not contingent upon installation and/or acceptance.
     1.5% interest due monthly on overdue balances.
All Sales are final.  Cynosure Grants no right of return.

*Due to continuing improvements, prices and specifications are subject to change without notice.*

*Cynosure reserves and the Customer grants to us, a security interest in all Products sold and all proceeds to secure the full payment.*

*Warranty Information*

**Return Goods Authorization Service**
Product, damaged or otherwise, will not be accepted by return shipments without prior approval from Cynosure's Customer Service Department.  Authorization for return is at the sole discretion of Cynosure.  All returned Product must be accompanied by a RETURN MATERIALS AUTHORIZATION number issued by Cynosure.

SculpSure® Workstation Warranty
Cynosure warrants to the original purchaser of the Product, including applicators, that the Product is free from defects in materials and workmanship, under normal use and service, for a period of twelve (12) months from the date of shipment ("SculpSure Product Warranty").  Product consumables and accessories such as water filters, attachment frames, belts, and headgear are warranted for a period of thirty (30) days from the date of shipment.  Replacement parts other than the items stated above that are purchased outside of this SculpSure Product Warranty are warranted for a period of thirty (30) days from the date of shipment.
PAC Key Warranty
The warranty period for the PAC Key for use  with the Product shall be for the useful life of the individual key (i.e., the remaining number of PAC treatment applications), which period shall begin on the date Cynosure ships the applicable PAC Keys to Customer (the "PAC Key Warranty Period").  Cynosure warrants to Customer during the PAC Key Warranty Period that the applicable PAC Keys will be free from defects in materials and workmanship and will substantially conform to Cynosure's written specifications applicable to the PAC Keys as such specifications exist on the date of shipment.

Cynosure is an Equal Opportunity Employer.

THE OBLIGATIONS OF CYNOSURE UNDER THIS WARRANTY ARE LIMITED, IN ITS EXCLUSIVE OPTION, TO REPAIR OR REPLACE PARTS AND MATERIALS WHICH PROVE TO BE DEFECTIVE.

These Warranties are null and void a) where the Product is unpacked, installed, serviced, and/or repaired by person(s) other than an authorized Cynosure service representative; b) where service is required due to the Customer's failure to operate or maintain the Product in an manner consistent with the specifications and guidelines set forth in the Product's operator manual; and/or c) where service is required due to attempted or actual dismantling, disassembling, alteration, and/or modification of the Product by person(s) other than an authorized Cynosure service representative.

Additional services, including, but not limited to telephone support, repair, maintenance, and refurbishment of equipment, may be purchased.

THE FOREGOING WARRANTIES ARE THE SOLE AND EXCLUSIVE WARRANTY OBLIGATIONS OF CYNOSURE, AND THE REMEDY PROVIDED ABOVE IS IN LIEU OF ANY AND ALL OTHER REMEDIES.  THERE ARE NO OTHER AGREEMENTS, GUARANTEES, OR WARRANTIES, ORAL, WRITTEN, EXPRESSED, IMPLIED, OR STATUTORY, INCLUDING, WITHOUT LIMITATION, WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.  CYNOSURE SHALL NOT BE LIABLE FOR LOST PROFITS OR ANY INDIRECT, INCIDENTAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES DUE TO ANY CAUSE WHATSOEVER EVEN IF ADVISED AS TO THE POSSIBILITY OF SUCH DAMAGES. THE CUSTOMER AGREES THAT CYNOSURE'S LIABILITY IS SO LIMITED.

This Agreement shall be governed by and construed under the substantive laws of the Commonwealth of Massachusetts.  The Customer agrees to submit all disputes arising out of, or relating to, this Agreement to a court in Boston, Massachusetts.

AUTHORIZED USE
Use of the Product is permitted only for individuals who are: (i) authorized to treat patients, as defined by the applicable state medical review board in the jurisdiction in which the Product is operated; or, (ii) under the supervision of such licensed physicians.
The Customer is responsible to ensure that all operators have the requisite skill required to use the Products as defined by the applicable state medical review board in the jurisdiction in which the Product is operated. Customer will, at all times, ensure that it and its employees and agents are and remain in full compliance with all federal, state, and local laws and statutes, including without limitation state medical agencies and certification boards, relating to this Agreement or the Product or their use.

The Customer acknowledges that proper operation of the Product requires use of supplies specifically engineered to meet Cynosure's compatibility, quality and performance standards.  Accordingly, the Customer Agrees to use only supplies provided by or expressly authorized by Cynosure and never to buy supplies from any other supplier for use with the Product.  Customer use of supplies not provided or expressly authorized by Cynosure will void all warranties and extended warranties on the Product.
All future PAC Key purchased by Customer must be used in the purchased Product or other SculpSure laser systems purchased by Customer and may not be transferred to a third party for use in another SculpSure laser system.

Upon completion of training, Customer shall become an authorized provider of Cynosure products and authorized in connection therewith to use the Cynosure trademarks solely in its promotion and delivery of services utilizing Cynosure products, and in accordance with any guidelines provided by Cynosure. However, Cynosure strictly prohibits Customers from purchase and/or use of internet domain(s) consisting of or incorporating any of the Cynosure trademarks. Customer agrees not to purchase and/or use internet domain(s) consisting of or incorporating any of the Cynosure trademarks. Customer acknowledges Cynosure's exclusive ownership of the Cynosure trademarks and that its use thereof inures solely to Cynosure's benefit. Customer shall not attempt to obtain registration of any Cynosure trademark, and shall not debrand, rebrand or private label any Cynosure product or service.

TERMINATION OF USE

Customer acknowledges that its use of the Product (including the Software) is subject to compliance with the usage and other requirements described in this Agreement (including, without limitation, the "Authorized Use" provisions above). Customer's authorization to operate the Product and license to the software will terminate automatically in the event Customer fails to comply with such requirements. In such event, in addition to any other remedies available to Cynosure under applicable law, Customer expressly agrees that Cynosure will have the right to cease selling Products to the Customer, including but not limited to SculpSure Drives, supplies and consumables.

DATA COLLECTION
Cynosure reserves the right to collect system usage data from time to time for the purpose of running diagnostics and improving usability and performance of the Product. Data collected will not contain any patient identification information.