UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENG MEDICAL FOUNDATION, P.C., | No. 2:21-cv-00818-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| CYNOSURE, LLC; MMP CAPITAL INC.; AMUR EQUIPMENT FINANCE INC.; TYLER JOHNSON; and DOES 1 through 25, inclusive, | |
| Defendants. | |

This matter is before the Court on Defendant Cynosure, LLC's ("Defendant") Motion to Strike. (ECF No. 10.) Plaintiff Teng Medical Foundation, P.C. ("Plaintiff") filed an opposition. (ECF No. 12.) Defendant replied. (ECF No. 15.) For the reasons set forth below, the Court *sua sponte* REMANDS this action to state court.

///

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

In December 2019, Plaintiff, a California corporation, was interested in purchasing a "Sculpsure Non-Invasive Body Contouring Platform" (the "Product") from Defendant, a Delaware limited liability corporation. (ECF No. 5 at 2–5.) Tyler Johnson ("Johnson"), a California resident and an agent and employee of Defendant, contacted Plaintiff. (*Id.* at 4.) Plaintiff alleges Johnson made multiple misrepresentations to induce Plaintiff to buy the Product. (*Id.* at 4–6.) Plaintiff alleges it relied on Johnson's misrepresentations and agreed to purchase the Product through a contract. (*Id.* at 5.) Plaintiff alleges because Defendant's representations were false, Plaintiff was never able to generate a profitable level of revenue. (*Id.* at 5–7.)

On April 1, 2021, Plaintiff filed a Complaint in Placer County Superior Court against Defendant and Does 1 through 25, alleging state law claims for breach of contract, breach of implied covenant of good faith and fair dealing, negligent misrepresentation, and a violation of California's Unfair Competition Law. (ECF No. 1-1 at 3.) On May 6, 2021, Defendant removed the action to this Court based on diversity jurisdiction. (ECF No. 1 at 3–5.) On May 24, 2021, Plaintiff filed a First Amended Complaint ("FAC") as a matter of course under Rule of Federal Procedure ("Rule") 15(a).[1] (ECF No. 5.) In the FAC, Plaintiff added several other Defendants, including Johnson. (*Id.*) It is undisputed that, as a California resident, Johnson would destroy complete diversity. (*See* ECF No. 10 at 5.) On June 7, 2021, Defendant moved to strike Plaintiff's claims against Johnson pursuant to Rule 12(f), arguing that Johnson was fraudulently joined to defeat diversity jurisdiction. (ECF No. 10.)

### II. ANALYSIS

As a preliminary matter it is unclear whether Rule 12(f) is the proper vehicle to challenge Johnson's joinder. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court will only consider striking a defense or allegation if it fits within one of these five categories. *Yursik v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL

---

[1] Defendant does not dispute that Plaintiff's FAC was properly filed. (*See* ECF 10 at 4.)

1   5592888, at *3 (E.D. Cal. Nov. 16, 2011).  However, the Court has an ongoing duty to assess
2   whether it has subject matter jurisdiction over a case.  *See* Fed. R. Civ. P. 12(h)(3); *United*
3   *Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district
4   court ha[s] a duty to establish subject matter jurisdiction over [a] removed action *sua sponte*,
5   whether the parties raised the issue or not."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff
6   seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the
7   court may deny joinder, or permit joinder and remand the action to the State court.").  As will be
8   discussed below, the Court finds there are no longer grounds for diversity jurisdiction and it is
9   appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.

10       "[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been
11   fraudulently joined."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th
12   Cir. 2018).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent
13   joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent
14   joinder.'"  *Id.* (citation omitted).  Fraudulent joinder may be established by showing either: "(1)
15   actual fraud in the pleading of jurisdictional facts[;] or (2) inability of the plaintiff to establish a
16   cause of action against the non-diverse party in state court."  *Id.*  Proving the latter theory requires
17   a defendant to show that an "individual joined in the action cannot be liable on any theory."  *Id.*
18   (citation omitted).  "[A] federal court must find that a defendant was properly joined and remand
19   the case to state court if there is a *possibility* that a state court would find that the complaint states
20   a cause of action against any of the [non-diverse] defendants."  *Id.* (citation and internal quotation
21   marks omitted) (emphasis in original).

22       Defendant argues Plaintiff joined Johnson to defeat diversity.  (ECF No. 10 at 6.)  In
23   arguing Plaintiff has not stated a valid claim against Johnson, however, Defendant does not
24   actually refute Plaintiff's allegations.  Rather, Defendant focuses solely on the fact that Plaintiff
25   sues Johnson for his actions as Defendant's "agent and employee" (ECF No. 5 ¶ 16), making
26   Johnson's presence in this suit superfluous to the claims against Defendant.  (ECF No. 10 at 7, 9.)
27   Although Defendant may be liable for Johnson's actions as Johnson's employer, Defendant has
28   not persuaded the Court that there is *no possibility* Johnson is also liable for his own actions.  *See*

*Grancare, LLC*, 889 F.3d at 548 ("We have upheld rulings of fraudulent joinder where a defendant demonstrates that a plaintiff is barred by the statute of limitations from bringing claims against that defendant . . . [or] where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant."). Nor has Defendant persuaded the Court that any purported deficiencies in the pleading cannot possibly be cured by granting leave to amend. *See id.* at 550.

### III. CONCLUSION

Because it is undisputed that Johnson is a California resident — and Defendant has not met its heavy burden to show Johnson was fraudulently joined — there is no longer complete diversity between the parties. As such, this Court lacks subject matter jurisdiction over Plaintiff's claims. The Court therefore REMANDS this action to Placer County Superior Court.

IT IS SO ORDERED.

DATED: December 20, 2021

Troy L. Nunley
United States District Judge